IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL L. HAWKINS, | No. CIV S-09-3081-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| W.A. DOBIE, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983 challenging a prison disciplinary proceeding.  Pending before the court is plaintiff's complaint (Doc. 1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

1

1  This means that claims must be stated simply, concisely, and directly.  See <u>McHenry v. Renne</u>,
2  84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied
3  if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon
4  which it rests.  See <u>Kimes v. Stone</u>, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must
5  allege with at least some degree of particularity overt acts by specific defendants which support
6  the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is
7  impossible for the court to conduct the screening required by law when the allegations are vague
8  and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: Dobie, Lenard, Herron, Russell, Rackley, and Grannis.  Plaintiff claims:

> On 11.30.08 W.A. Dobie filed a false report on me CDCR Form 115 Rules Violation.  The information was provided by a jailhouse informant and the accusations were not corroborated by the victim or any other sources or correctional staff.  J.W. Lenard violated my due process rights during the hearing on said matter.  Documentation was provided to me authored by Q. Herron stating that she interviewed me on appeal of this matter.  "Not true."  Richard Russell violated my appeal rights and R.J. Rackley upheld the misconduct of his staff in the matter by failing to intervene when outright violation of hearing procedure, confidential information, and evidence rules were right in his face.  N. Grannis also turns a blind eye to DVI staff misconduct and upholds their action.

Documents attached to the complaint reveal that plaintiff was assessed a loss of good-time credits as a result of the disciplinary finding.

## II. DISCUSSION

Plaintiff seeks damages for alleged violations of due process in the context of a prison disciplinary proceeding which resulted in a guilty finding and loss of good-time credits. When a state prisoner challenges the legality of his custody and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is not

2

1 cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ
2 of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda,
3 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir.
4 1995) (per curiam).  Thus, where a § 1983 action seeking monetary damages or declaratory relief
5 alleges constitutional violations which would necessarily imply the invalidity of the prisoner's
6 underlying conviction or sentence, or the result of a prison disciplinary hearing, such a claim is
7 not cognizable under § 1983 unless the conviction or sentence has first been invalidated on
8 appeal, by habeas petition, or through some similar proceeding.  See Edwards v. Balisok, 520
9 U.S. 641, 646 (1987) (holding that § 1983 claim not cognizable because allegations of procedural
10 defects and a biased hearing officer implied the invalidity of the underlying prison disciplinary
11 sanction); Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 not
12 cognizable because allegations were akin to malicious prosecution action which includes as an
13 element a finding that the criminal proceeding was concluded in plaintiff's favor).  In particular,
14 where the claim involves loss of good-time credits as a result of an adverse prison disciplinary
15 finding, the claim is not cognizable.  See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997).
16 If a § 1983 complaint states claims which sound in habeas, the court should not convert the
17 complaint into a habeas petition.  See id.; Trimble, 49 F.3d at 586.  Rather, such claims must be
18 dismissed without prejudice and the complaint should proceed on any remaining cognizable
19 § 1983 claims.  See Balisok, 520 U.S. at 649; Heck, 512 U.S. at 487; Trimble, 49 F.3d at 585.
20         Because plaintiff was assessed a loss of good-time credits, plaintiff's due process
21 claim is not cognizable under § 1983 until such time as the underlying prison disciplinary finding
22 has been overturned or otherwise invalidated.
23 / / /
24 / / /
25 / / /
26 / / /

### III.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff shall show cause in writing, within 30 days of the date of this order, why this action should not be dismissed for failure to state a claim.  Plaintiff is warned that failure to respond to this order may result in dismissal of the action for the reasons outlined above, as well as for failure to prosecute and comply with court rules and orders.  See Local Rule 110.

IT IS SO ORDERED.

DATED: May 6, 2010

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE