IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARL L. HAWKINS,                             No. CIV S-09-3081-CMK-P

    Plaintiff,

  vs.                                            ORDER

W.A. DOBIE, et al.,

    Defendants.

_____/

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983 challenging a prison disciplinary proceeding. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action. Pending before the court is plaintiff's response to the court's May 7, 2010, order to show cause.

In the order to show cause, the court stated:

> Plaintiff seeks damages for alleged violations of due process in the context of a prison disciplinary proceeding which resulted in a guilty finding and loss of good-time credits. When a state prisoner challenges the legality of his custody and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is not cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam). Thus, where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, or the result of a prison disciplinary hearing, such a

1

1     claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding. See Edwards v. Balisok, 520 U.S. 641, 646 (1987) (holding that § 1983 claim not cognizable because allegations of procedural defects and a biased hearing officer implied the invalidity of the underlying prison disciplinary sanction); Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor). In particular, where the claim involves loss of good-time credits as a result of an adverse prison disciplinary finding, the claim is not cognizable. See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997). If a § 1983 complaint states claims which sound in habeas, the court should not convert the complaint into a habeas petition. See id.; Trimble, 49 F.3d at 586. Rather, such claims must be dismissed without prejudice and the complaint should proceed on any remaining cognizable § 1983 claims. See Balisok, 520 U.S. at 649; Heck, 512 U.S. at 487; Trimble, 49 F.3d at 585.

    Because plaintiff was assessed a loss of good-time credits, plaintiff's due process claim is not cognizable under § 1983 until such time as the underlying prison disciplinary finding has been overturned or otherwise invalidated.

In his response, plaintiff does not address the jurisdictional bar outlined by the court above. Rather, he reiterates his substantive claims against the named defendants. The fact remains, however, that this action cannot proceed because plaintiff was assessed a loss of good-time credits and the results of the disciplinary hearing have not been first invalidated by way of habeas corpus or other available means of remedy.

    Accordingly, IT IS HEREBY ORDERED that this action is dismissed and the Clerk of the Court is directed to enter judgment and close this file.

DATED: June 16, 2010

                                           /s/ Craig M. Kellison
                                           **CRAIG M. KELLISON**
                                           UNITED STATES MAGISTRATE JUDGE